VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF HENRICO

ELIZABETH CHAISSON-RICKER,             Plaintiff,

v.           Case No.: CL20-4974

NORDSTROM, INC.,             Defendant.

       SERVE:    Nordstrom, Inc.
                    R/A: Corporate Creations Network, Inc.
                    425 W Washington Street, Suite 4
                    Suffolk, VA, 23434 – 5320

## COMPLAINT

COMES NOW, the plaintiff, ELIZABETH CHAISSON-RICKER ("Ms. Chaisson-Ricker"), by counsel, and moves the Court for judgment against the defendant, NORDSTROM, INC. ("Defendant"), for the following reasons, to wit:

### PARTIES & VENUE

1. Ms. Chaisson-Ricker is an individual who resided in the Commonwealth of Virginia at all times relevant to this Complaint.

2. Defendant is a corporation licensed to do business for profit in the Commonwealth of Virginia that owned and operated a Nordstrom department store located inside of the Short Pump Town Center located at 11812 West Broad Street, Henrico County, Virginia 23233 ("Nordstrom department store"), at all times relevant to this Complaint.

3. That Ms. Chaisson-Ricker was a customer at Defendant's above-referenced Nordstrom department store on or about July 12, 2018, when she suffered injuries as a proximate result of Defendant's negligence.



EXHIBIT A

## STATEMENT OF FACTS

4.     On or about July 12, 2018, Ms. Chaisson-Ricker was a customer in the Nordstrom department store shopping with her friend.

5.     On July 12, 2018, Ms. Chaisson-Ricker was on crutches due to an injury she had suffered to her left leg a few weeks prior. Her friend was carrying her shopping bags and purse. While she was shopping in the Nordstrom department store, Ms. Chaisson-Ricker's crutches became entangled with an object on the floor in close proximity to a stanchion near a clothes rack causing her to fall onto the marble floor and suffer serious injuries including, but not limited to, a fractured left femur. The fall aggravated her existing left leg injury and caused additional fracturing of her left femur that required immediate medical attention.

6.     Ms. Chaisson-Ricker suffered and continues to suffer serious and permanent injuries and disability, which required surgery, medical and nursing care and treatment, and she has been forced to spend sums of money for medical care and treatment, had her ordinary and routine activities disrupted, suffered severe pain of body and mind, incurred doctor, hospital and related expenses in an effort to cure her injuries, had her ability to enjoy life and participate in regular activities adversely affected, and suffered lost wages. Her injuries are ongoing and she continues to incur, and will incur in the future, loss of income and expenses related to her medical care. At the time of the filing of this Complaint, she has endured six (6) surgeries as a result of the injuries she suffered from the fall referenced in paragraph 5 herein, and her doctors have advised her that additional surgery(ies) will be necessary in the future.

## COUNT ONE: NEGLIGENCE

7.  Paragraphs 1-6 of this Complaint are restated and incorporated herein by reference.

8.  That Defendant's employees set up the temporary stanchion and clothes rack referenced in paragraph 5 herein.

9.  That the proximity of the temporary stanchion to the clothes rack referenced in paragraph 5 herein constituted a dangerous condition that Defendant's employees knew or should have known posed a threat of injury to its customers.

10. That the object on the floor in close proximity to the stanchion referenced in paragraph 5 herein constituted a dangerous condition that Defendant's employees knew or should have known posed a threat of injury to its customers.

11. That Defendant had a duty to correct the dangerous conditions created by the proximity of the temporary stanchion to the clothes rack and the object on the floor referenced in paragraphs 5, 9, and 10 herein, or at least warn its customers of the dangerous condition, but Defendant failed to do so.

12. That Defendant's failure to correct the dangerous condition referenced in paragraphs 5, 9, and 10 herein, or at least warn Ms. Chaisson-Ricker of the dangerous condition, proximately caused Ms. Chaisson-Ricker to fall and suffer injuries as set forth in Paragraphs 5-6 herein.

**WHEREFORE**, the plaintiff, ELIZABETH CHAISSON-RICKER, demands judgment against the defendant, NORDSTROM, INC., in the amount of Seven Hundred Fifty Thousand Dollars and No Cents ($750,000.00), plus interest from July 12, 2018, her costs incurred in bringing this action, and any other and further relief that this Court deems appropriate in the case at bar.

ELIZABETH CHAISSON-RICKER

By: _____
A. Blake Gayle, Esq.

A. Blake Gayle, VSB# 76762
Zwerdling, Oppleman & Adams
5020 Monument Avenue
Richmond, Virginia 23230
Telephone: (804) 355-5719
Facsimile: (804) 355-1597
*Counsel for Plaintiff*